UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BROWN,<br><br>   Petitioner,<br><br>  v.<br><br>M. ELIOT SPEARMAN, Warden,[1]<br><br>   Respondent. | Case No. 16-cv-06978-DMR (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

  Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 1. On January 27, 2017, Petitioner filed his motion for leave to proceed *in forma pauperis*. Dkt. 7.

  This action has been assigned to the undersigned magistrate judge. On December 6, 2016, Petitioner consented to magistrate judge jurisdiction in this matter. Dkt. 3. Pursuant to 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in a case, including entry of judgment.[2] Appeal will be directly to the United States Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. § 636(c)(3).

  In the instant petition, Petitioner admits that he did not exhaust his state remedies by presenting his claims to the highest level of review—the California Supreme Court—before filing his petition. Dkt. 1 at 3, 5, 7, 11. Petitioner alleges that due to his transfer to High Desert State

---

 [1] M. Eliot Spearman, the current warden of the institution where Petitioner is being housed, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

 [2] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). However, in cases such as this one, where the petitioner has consented but the respondent has not been served, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)).

Prison, he was not informed in a timely manner that his judgment of conviction was affirmed by the California Court of Appeal on August 18, 2016. *Id.* at 7-9. Thus, Petitioner attempted to explain his "situation" involving the aforementioned delayed notice when he filed an untimely petition for review in the California Supreme Court, which was received on October 14, 2016. *Id.* at 9, 36. In a letter dated October 14, 2016, the California Supreme Court informed Petitioner that it lacked jurisdiction over his petition for review because he had filed it after the one-month deadline. *Id.* at 36 (citing Cal. Rules. of Court 8.500(e)). However, although it lost jurisdiction to act on a petition for review of the Court of Appeal's decision, the California Supreme Court has original jurisdiction to review a petition for a writ of habeas corpus. There is nothing in the record indicating whether Petitioner has filed a state habeas petition in the California Supreme Court.

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *Id.* at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

Because nothing in the record shows that Petitioner presented his claims to the state supreme court for review in a state habeas petition, his federal petition is unexhausted and must be DISMISSED. This dismissal is without prejudice to Petitioner returning to state court to exhaust his state remedies and then filing a new federal habeas corpus petition.[3] Should he do so, he is advised to file his new federal habeas corpus petition as soon as possible after his state court proceedings have concluded. The court makes no ruling at this time on the issue of the timeliness of any future federal petition.

---

[3] Petitioner seeks the court's permission to exhaust his state remedies in the California Supreme Court. Dkt. 1 at 5, 7, 11. Petitioner need not seek such permission and may file his state habeas petition directly in the California Supreme Court.

1  Leave to proceed *in forma pauperis* is GRANTED. Dkt. 7.  The Clerk of the Court shall
2  terminate any pending motions and close the file.
3  This Order terminates Docket No. 7.
4  IT IS SO ORDERED.
5  Dated:  February 3, 2017

DONNA M. RYU
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN,<br><br>    Defendant. | Case No.  4:16-cv-06978-DMR<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 3, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William Brown ID: AS7822  
High Desert State Prison  
P.O. Box 3030  
Susanville, CA 96127

Dated: February 3, 2017

                              Susan Y. Soong  
                              Clerk, United States District Court

                              By:_____  
                              Ivy Lerma Garcia, Deputy Clerk to the  
                              Honorable DONNA M. RYU